IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GOLDEN GATE NATIONAL SENIOR CARE, LLC, et al.,** | : | |
| Petitioners | : | No. 1:15-cv-00174 |
| | : | |
| v. | : | |
| | : | |
| | : | (Judge Kane) |
| **DONA SULPIZIO, as Administratrix for the Estate of ZOPITO JOHN SULPIZIO,** | : : : | |
| Respondent | : | |

**MEMORANDUM**

Before the Court are Petitioners' petition for an order compelling alternative dispute resolution, staying state court proceedings, and granting declaratory relief (Doc. No. 1), and Respondent's request for arbitration-related discovery (Doc. No. 11). For the reasons that follow, the Court will allow arbitration-related discovery prior to resolving Petitioners' petition.

**I.   BACKGROUND**

Petitioners are a group of partnerships, limited liability companies, and corporations incorporated and domiciled in Delaware, California, and Texas. (Id. ¶¶ 2-11.) Respondent Dona Sulpizio, acting as administratrix of the estate of her brother Zopito Sulpizio, is a citizen of Pennsylvania. (Id. ¶ 13.) Zopito Sulpizio entered one of Petitioners' care facilities in October 2013. (Id. ¶ 19.) Around that time, Zopito Sulpizio signed an alternative dispute resolution clause as part of a broader contract governing his residence in Petitioners' facility. (Doc. No. 1-3 at 5.) Dona Sulpizio, acting pursuant to a durable power of attorney executed in 1993, also signed the dispute resolution clause on behalf of Zopito Sulpizio. (Doc. Nos. 1-3 at 5; 1-4.) The dispute resolution clause provides for mediation and then binding arbitration of any disputes

arising out of the parties' contract or related to Zopito Sulpizio's stay at Petitioners' facility. (Doc. No. 1-3 at 3-4.) In the agreement, the parties acknowledge, in bold and capital letters, that they "select[ed] a method of resolving disputes without resorting to lawsuits or the courts . . . ." (Id. at 2.) The clause also provides that the Federal Arbitration Act, 9 U.S.C. § 1 et seq., ("FAA") governs the agreement. (Id. at 4.)

After a dispute arose, however, Respondent initiated a civil action in the Court of Common Pleas for Cumberland County, Pennsylvania, on December 23, 2014, alleging, inter alia, that Petitioners reduced staffing at their facility to below the minimum level necessary to furnish adequate care to residents. (Doc. No. 1 ¶¶ 30-35.) That action remains pending in state court, and the enforceability of the dispute resolution clause is before the state court as well. (See Doc. No. 6 at 9.) Petitioners initiated the above-captioned action on January 26, 2015, more than a month after Respondent initiated her action in the Court of Common Pleas. (Doc. No. 1.)[1]

During a telephone conference on June 4, 2015, the Court ordered letter briefs on the issue of arbitration-related discovery. The parties submitted their briefs on June 12, 2015. (Doc. Nos. 10, 11.) Petitioners have opposed pre-arbitration discovery and seek disposition of their petition under the standard from Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10 at 2-3.) Respondent, who raises the affirmative contract defense of unconscionability, argues that pre-

---

[1] The parties to the two actions are the same except that Beverly Fry, a Pennsylvania resident who is Petitioners' local facility administrator, is also named as a defendant in the state court action. (Doc. Nos. 6 at 10-11; 10 at 3.) Ms. Fry does not join Petitioners in this action, so Petitioners have argued that the complete diversity of citizenship between Petitioners and Respondent confers subject matter jurisdiction on the Court. (Doc. No. 1 ¶ 14.) Without diversity, the Court presumably lacks subject matter jurisdiction over this action, because the Federal Arbitration Act does not itself confer subject matter jurisdiction on federal district courts. See 9 U.S.C. § 4.

arbitration discovery is appropriate and that the summary judgment standard from Federal Rule of Civil Procedure 56 should be employed when evaluating the petition. (Doc. No. 11 at 4.) The issue of arbitration-related discovery is therefore ripe for decision.

## II.     DISCUSSION

Whether arbitration-related discovery is appropriate turns on the legal standard to be applied in resolving motions to compel arbitration.[2] The parties agree that the United States Court of Appeals for the Third Circuit's decision in <u>Guidotti v. Legal Helpers Debt Resolution, LLC</u>, 716 F.3d 764 (3d Cir 2013), controls on the issue of the applicable legal standard, and both parties cite as persuasive authority a number of cases from this district disposing of similar petitions.[3] (Doc. Nos. 10 at 1; 11 at 4-5.)

In <u>Guidotti</u>, the Third Circuit explicitly laid down a standard for district courts to use when determining whether or not a motion to compel arbitration (or here, a petition to compel arbitration) should be decided on the summary judgment standard from Federal Rule of Civil Procedure 56, or whether courts should employ "the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be

---

[2] While Petitioners have not submitted a formal motion to compel arbitration, the entire federal action in this case concerns arbitration, because the parties' substantive dispute remains in state court. Consequently, the Court views Petitioners' petition, referred to as a complaint on the docket, as the functional equivalent of a motion to compel arbitration, albeit a motion without the benefit of full briefing. (<u>See</u> Doc. No. 1.)

[3] The parties have pointed to at least four recent orders from the Middle District of Pennsylvania on remarkably similar issues: <u>GGNSC Camp Hill W. Shore, LP v. Thompson ex rel. Mullen</u>, No. 15-445, 2015 WL 1932330 (M.D. Pa. Apr. 28, 2015) (Conner, J.); <u>Golden Gate Nat. Seniorcare, LLC v. Lane</u>, No. 14-1957, 2015 WL 926432 (M.D. Pa. Mar. 4, 2015) (Caputo, J.); <u>GGNSC Equity Holdings, LLC v. Breslin</u>, No. 14-450, 2014 WL 5463856 (M.D. Pa. Oct. 27, 2014) (Caldwell, J.); and <u>Golden Gate Nat. Senior Care, LLC v. Addison</u>, No. 14-421, 2014 WL 4792386 (M.D. Pa. Sept. 24, 2014) (Rambo, J.).

granted under [Federal Rule of Civil Procedure] 12(b)(6)." 716 F.3d at 771 (quotations and citations omitted). The Rule 12(b)(6) standard is appropriate "[w]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint." Id. at 773-774 (quotations and citations omitted). In such cases, "the FAA would favor resolving a motion to compel arbitration under a motion to dismiss standard without the inherent delay of discovery." Id. at 774 (quotations and citations omitted).

However, in Guidotti the Third Circuit recognized that in some cases a more deliberate pace of litigation is required, and identified the following situations as appropriate for application of the Rule 56 standard when considering actions to compel arbitration: (1) where "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate[;]" or (2) where the party opposing arbitration "has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that" the opposing party did intend to be bound by the arbitration agreement, or if the party seeking to avoid the contract raises another defense to contract enforcement. Id. (quotations and citations omitted). Discovery is only necessary when the district court employs the standard for summary judgment, whereas in cases appropriately decided under Rule 12(b)(6)'s standard, the pleadings alone are sufficient for disposition. See Guidotti, 716 F.3d at 776; GGNSC Camp Hill W. Shore, LP v. Thompson ex rel. Mullen, No. 15-445, 2015 WL 1932330, at *1 (M.D. Pa. Apr. 28, 2015) (Conner, J.).

## A.   The "complaint" for purposes of the Guidotti analysis

In applying the standards of Guidotti, the Court must first resolve the parties' dispute over whether the "complaint" to be evaluated is the state court complaint in the underlying action or Petitioners' petition before this Court. (See Doc. Nos. 10 at 2; 11 at 5-6.) Petitioners argue that the petition before this Court constitutes the "complaint" for purposes of the Guidotti anaylsis. Respondent argues that in other Middle District of Pennsylvania cases, courts have determined that the state court complaint alone, and not the federal petition, informed the Guidotti analysis. (Doc. No. 11 at 4-5) (citing GGNSC Equity Holdings, LLC v. Breslin, No. 14-450, 2014 WL 5463856, at **6-7 (M.D. Pa. Oct. 27, 2014) (Caldwell, J.)).

The Guidotti panel did not address the issue of what constitutes the "complaint" because the only pleading before it was the original state court complaint that had been removed to federal court. The court instructed district courts to consider "the face of the complaint, and documents relied upon in the complaint." 716 F.3d at 776 (quotations and citations omitted); see also id. at 776 ("[O]ur first task is to determine whether the complaint and the [contract], which is relied upon in the complaint, establish on their face that Guidotti agreed to be bound . . . .") (emphasis added).

This Court agrees with Petitioners that for Guidotti purposes, the "complaint" that should be considered is the pleading that initiated this action – the Petition for Order Compelling Alternative Dispute Resolution. As expressly authorized by the Federal Arbitration Act, Petitioners have filed a separate complaint in federal court styled as a "petition" but compliant

with Federal Rules of Civil Procedure 3 and 8.[4] See 9 U.S.C. § 4 ("A party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.") Attached to the petition is the arbitration agreement, the authenticity of which Respondent has not challenged.  Were the Court to adopt Respondent's literal reading of Guidotti, it must ignore these documents in favor of the state court complaint. As Petitioners point out, doing so would entirely undermine the purpose of the agreement in question and the Federal Arbitration Act.  By filing an early state court tort action that omitted any reference to arbitration, as Respondent has done here, a party could effectively defeat an arbitration agreement. The Court is therefore satisfied that the operative pleading in this case for the Guidotti analysis is Petitioner's petition, and the Court will consider the petition and documents appended to it at this juncture.

     **B.**     **Guidotti mandates pre-arbitration discovery**

Petitioners contend that their petition should be ruled on without pre-arbitration discovery, because they argue that it is apparent from the arbitration agreement that an enforceable agreement exists, so the Rule 12(b)(6) standard should apply.  (Doc. No. 10 at 1-3.) Respondent argues that discovery is necessary to resolve her asserted unconscionability contract defense, and that the Rule 56 standard should apply instead.  (Doc. No. 11 at 4-5.)  According to Respondent, "[i]n Guidotti . . . the court held that discovery is warranted with respect to 'whether there was a meeting of the minds on the agreement to arbitrate,' and 'to determine whether [the]

---

[4]For purposes of the present memorandum only, the Court assumes that it possesses diversity subject matter jurisdiction as averred in the petition.

arbitration clause is unconscionable.'" (Doc. No. 11 at 4) (quoting Guidotti, 716 F.3d at 774 and n.5).

"[Q]uestions of arbitrability, including challenges to an arbitration agreement's validity, are presumed to be questions for judicial determination," Guidotti, 716 F.3d at 773 (quoting Quilloin v. Tenet HealthSystem Phila., Inc. 673 F.3d 221, 228 (3d Cir. 2012)), absent "clear and unmistakable evidence " that the parties intended otherwise, id. (quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)). Consequently, the validity and enforceability of arbitration clauses are questions for a court to resolve before ordering parties to arbitrate a dispute. See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).

As established in Guidotti and discussed above, courts order discovery on issues related to the enforceability or validity of a proffered arbitration clause even when there is prima facie evidence that an agreement to arbitrate exists, so long as "the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement." Guidotti, 716 F.3d at 774. In addition, and most significant for the Court's decision here, the Third Circuit has instructed that pre-arbitration discovery may be necessary in other contexts: when there is an indication that arbitration pursuant to an agreement will be cost prohibitive; or when there is an allegation that an arbitration agreement may be unconscionable. Id. at 774 n.5. "Indeed, any time the court must make a finding to determine arbitrability, pre-arbitration discovery may be warranted." Id. (citing Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 112 (3d Cir. 2000)).

As a result, the Court agrees with Respondent that a period of pre-arbitration discovery is

warranted in this case, as Respondent has asserted the contract defense of unconscionability in both her answer to the petition and in her supplemental filings related to discovery. (Doc. Nos. 6 at 18-19, 11 at 4-5.) While the question of whether the contract defense of unconscionability will ultimately suffice to defeat Petitioners' prima facie evidence of an agreement to arbitrate remains entirely open, the Court will allow for a period of pre-arbitration discovery, after which point the Court will consider a motion to compel arbitration on a Rule 56 standard.

### III.   CONCLUSION

For the foregoing reasons, the Court will allow the parties a period of sixty (60) days to conduct arbitration-related discovery, after which time, the parties may submit motions dispositive of Petitioners' petition if necessary. An order consistent with this memorandum follows.